Spencer, Ch, J.,
delivered the opinion of the court. This case presents the sole question, whether A. L. Maxwell was a competent witness, under the circumstances of the case, to prove, that the note in question was given on a consideration which failed, and that the plaintiff was informed of that fact when he took it, the witness having endorsed the note to the plaintiff.
The objection now, also, taken, that he was interested, as regards the costs of the suit, ought not to be discussed, for that objection was not made at the trial; if it had been, it *159 would, undoubtedly, have been obviated by a release of any claim to costs.
It is clear, that the witness stood indifferent between the parties. If the plaintiff recovered, he would have been answerable to the defendant for the amount; if the plaintiff failed, he remained answerable to him for the amount claimed in this suit. The objection, then, is confined to the mere circumstance of his being an endorsor, called upon to invalidate a note to which he had given currency, by showing that it was without consideration, and that the plaintiff was apprized of that fact when he took it.
It struck me, at the trial, that the promissory receipt given by the plaintiff, on the 10th of August, 1816, showed, that the plaintiff received the defendant’s note as a collateral security, and that the plaintiff was a mere trustee for the witness. *It is evident that he was so to the amount of 187 dollars.
The note in question, and the written stipulation given by the plaintiff to the witness, bear the same date. The note was payable in six months, and the engagement made by the plaintiff to the witness, is to pay the 187 dollars to the witness in six months, if the note was paid to the plaintiff; if not, then the agreement was to be void, though the paper states that it was to be valid, and of no use as an agreement, but evidently meaning, that it was to be void. If the agreement was to be void, as regarded the witness, the whole transaction was to be annulled, and the plaintiff would be bound to re-deliver the note; for what right had the plaintiff to retain the note, if he was not to be answerable to refund to the witness the surplus of 187 dollars beyond what was due from the witness? I now consider the agreement, after full consideration, as avoiding the whole transaction. The substance of the transaction is this: the witness, being indebted to the plaintiff, lodged this note in his hands as a collateral security, on condition that, if the note was duly paid, the witness should receive 187 dollars of the money, but if not, then the whole agreement was to be null; and, as a necessary consequence, the witness was to have the note re-delivered to him. If this is a just exposition of the agreement, then the retaining the note by the plaintiff, and attempting to enforce it, was a violation of the agreement; but, in another view of the case, I am satisfied that Maxwell was a competent witness. The note was to take effect, or not, by the agreement or disagreement of the defendant to perfect the contract for the witness’s goods in his store. The witness was not testifying to any fact which showed that the note was void in its inceplion, but that it became so by the determination of the defendant, not to take the, goods; and this fact being communicated to the plaintiff, he took the note subject to that condition. In the case of Skelding and Haight v. Warren, (15 Johns. Rep. 270.) we decided, that a party to a negotiable note might testify as to any facts subsequent to its *160 execution, that is, to the signature of the note. The plaintiff did not take this note in the usual course of business; he retained his pre-existing demand #against the payee ; he took it only as a collateral security for part of the amount.
Judgment of nonsuit, (a)

 Vide Powell v. Waters, ante, p. 176, and p. 179, note.